The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AVANISH KUMAR JHA, and<br>RAJNISH KUMAR JHA,<br><br>Defendants. | NO. CR22-049 RSM<br><br>OPPOSITION TO MOTION TO WAIVE PRESENTENCE INVESTIGATION |

The Court should deny the defense motion to waive the presentence investigation. This case is the product of a years-long investigation of international scope, and the Court should impose sentence with a full record.

**DISCUSSION**

By rule, the Probation Office "must" conduct a presentence investigation and prepare a presentence report ("PSR") before the Court imposes sentence. Fed. R. Crim. P. 32(c)(1)(A). The Court may excuse this requirement only if it "finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553," and the Court "explains its finding on the record." Fed. R. Crim. P. 32(c)(1)(A)(ii).

Opposition to Motion to Waive PSR - 1
United States v. Jha / CR22-049 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Presentence investigations are the norm in criminal cases for good reason. The Court has the weighty task in each case of identifying a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a). The Court also has to calculate and give due consideration to the Sentencing Guidelines advisory range. *See* 18 U.S.C. § 3553(b); *Gall v. United States*, 552 U.S. 38, 49 (2007).

In this case, as in most cases, the Court will be best positioned to exercise its sentencing authority after a presentence investigation. This case arose out of a multi-year investigation of the defendants' efforts to ship counterfeit, misbranded, and adulterated prescription drugs from India to the United States. The indictment contains 56 counts, reflecting the case's factual and legal complexities. The PSR will address many facts that are not otherwise present in the record, such as the "history and characteristics" of the defendants, which the Court has to consider at sentencing. *See* Fed. R. Crim. P. 32(d)(2)(A); 18 U.S.C. § 3553(a)(1). Each defendant has pleaded guilty to a serious felony that carries a prison sentence of up to 20 years and a fine of up to $250,000. The Court will have to find the right sentence from that spectrum for each of them.

As for the parties, some but not all parts of their sentencing recommendations will be governed by the plea agreements. The plea agreements leave open the question of a fine, for example, and the government may recommend a fine in this case because the defendants made six-figure profits from selling counterfeit medications to undercover purchasers. *See, e.g.*, Dkt. 39 at ¶ 8(m) (describing $50,000 cash drop). But the Court would have numerous factors to consider before imposing any fine, *see* 18 U.S.C. § 3572(a), and it would benefit in this task from having a presentence investigation because the PSR will address, among other topics, the defendants' "financial condition," Fed. R. Crim. P. 32(d)(2)(A)(ii).

### A. *The Defendants Do Not Show Good Cause to Depart from the Norm*

The defendants' motion does not give the Court good cause to waive the presentence investigation. This case, like virtually all criminal cases, should proceed to sentencing in the ordinary way.

Opposition to Motion to Waive PSR - 2
*United States v. Jha* / CR22-049 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The defendants' central argument for advancing sentencing is that they "satisfied a 30-month sentence as of June 7, 2025," meaning that they are now "eligible for release." Dkt. 42 at 3. They therefore believe that sentencing should be held at the "earliest mutually available date." *Id.* at 1. But this argument depends on at least three assumptions that may turn out to be inaccurate.

- First, the defendants assume that the government will recommend 30 months of imprisonment. But the government's agreement is to cap its recommendation at the low end of the Guidelines range. The corresponding number of months depends on the Court's calculation of the Guidelines, including the defendants' criminal histories, which are not stated in the plea agreements. The number very well may be 30 months, but this is not assured.

- Second, if the government recommends 30 months, the defendants assume the Court will follow that recommendation. But, as the defendants acknowledged in their plea agreements, the Court is "not bound" by the government's recommendation. Dkt. 35 at ¶ 6; Dkt. 39 at ¶ 6.

- Third, if the Court imposes a term of 30 months, the defendants assume that they will receive "a reduction of 135 days" for "good conduct." Dkt. 42 at 3. But the defendants do not establish that credit for good time is available in these circumstances, where they served time in custody before sentencing in a foreign jurisdiction. And even if credit is available, there is not necessarily a record here to support awarding it. Good time credit is given for "exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b)(1). The defendants offer no evidence about their disciplinary record while imprisoned in Singapore, instead saying only that they "know of no facts on which BOP might deny their credit." Dkt. 42 at 4.

In view of these many assumptions underlying the defendants' argument, the possibility of a time-served sentence is not a good reason to advance sentencing.

Opposition to Motion to Waive PSR - 3
*United States v. Jha* / CR22-049 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## **CONCLUSION**

The Court should deny the defendants' motion to waive the presentence investigation.

DATED: June 9, 2025

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney

*s/ Philip Kopczynski*
PHILIP KOPCZYNSKI
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone: (206) 553-7970
Fax: (206) 553-0882
Email: philip.kopczynski@usdoj.gov

Opposition to Motion to Waive PSR - 4
*United States v. Jha* / CR22-049 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970